IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN SKOLNICK and MARK SKOLNICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DICK'S SPORTING GOODS, INC., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 22-3597 |

# DEFENDANT DICK'S SPORTING GOODS, INC.'S
# NOTICE OF REMOVAL

Defendant, Dick's Sporting Goods, Inc. ("DSG"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 notifies this Court that it is removing the above captioned action currently pending in the Supreme Court of New York, Nassau County to the United States District Court for the Eastern District of New York. In support, DSG states as follows:

## INTRODUCTION

1.  The removed case is a civil personal injury action commenced in the Supreme Court of New York, Nassau County by Plaintiffs Karen Skolnick and Mark Skolnick ("Plaintiffs") styled *Karen Skolnick and Mark Skolnick v. Dick's Sporting Goods, Inc., Case No. 602408/2022* (the "State Court Action"). (*See* Plaintiffs' Summons and Verified Complaint ("Compl.") (attached as Exhibit A).

2.  In this action that was filed on February 25, 2022, Plaintiffs assert negligence claims against Dick's Sporting Goods, Inc. ("DSG"). (*See* Compl. ¶¶ 20-33). Plaintiff, Karen Skolnick, alleges that a DSG employee showed her a treadmill and placed it into operation. (Compl. ¶¶ 17-19). Specifically, Plaintiff, Karen Skolnick, alleges that she fell while being shown

said treadmill at the DSG store located in the Roosevelt Field Mall, Garden City, New York. (Compl. ¶¶ 7-19).

3. Plaintiffs in their Complaint, vaguely state that they seek damages "in a sum of money which fairly and accurately compensates her for her injuries, pain and sequelae that she suffered, said sum exceeding the jurisdictional limits of all lower courts subordinate to the Supreme Court of the State Court of New York, together with exemplary/punitive damages against defendant, DICK'S." (Compl. ¶ 26).

4. DSG was served with service of process through the Secretary of State of the State of New York on February 28, 2022. (*See* Affidavit of Service)(attached as Exhibit B). DSG timely filed a Verified Answer. (*See* Stipulation and Verified Answer & Affirmative Defenses)(attached together as Exhibit C).

5. Plaintiffs' six-page Complaint failed to provide DSG with enough information for DSG to ascertain the amount in controversy, and thus, whether this case was removable. Therefore, on or about May 24, 2022, DSG served discovery demands on Plaintiffs. Specifically, DSG served a Demand for Damages pursuant to CPLR § 3017(c). (*See* DSG's Demand pursuant to CPLR § 3017(c)) (attached as Exhibit D).

6. On May 31, 2022, Plaintiffs served their response to DSG's Demand for Damages, demanding damages in the sum of $3,250,000. (*See* Plaintiffs Response to DSG's Demand pursuant to CPLR § 3017(c)) (attached as Exhibit E).

**PROCEDURAL REQUIREMENTS**

7. Plaintiffs' Summons and Complaint were served on DSG on or about February 28, 2022. (*See* Plaintiffs' Affirmation/Affidavit of Service attached as Exhibit D). Pursuant to 28 U.S.C. § 1446(b)(3), this notice of removal is timely filed within thirty (30) days after DSG was served with "an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable," which was through receipt of Plaintiffs Response to DSG's Demand for Damages pursuant to CPLR § 3017(c). On May 31, 2022, DSG was made aware for the first time that this matter's amount in controversy exceeded $75,000. Thus, the deadline to remove the case is June 30, 2022

8. Pursuant to 28 U.S.C. § 1446(a), venue is proper because the United States District Court for the Eastern District of New York, encompasses the geographic area of the Supreme Court of New York, Nassau County where the removed action is pending.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Supreme Court of New York, Nassau County promptly after filing of the same in this Court. Written notice will be provided to all adverse parties via the state court electronic filing system (NYSCEF).

10. If any question arises as to the propriety of the removal of this action, DSG requests the opportunity to conduct discovery, present summary judgment-type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of DSG's right to assert any procedural or substantive defenses available under state or federal law.

**DIVERSITY JURISDICTION**

12. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. "Congress has granted district courts original jurisdiction over cases in which there is a federal question… and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met." *Davison v. State Admin. Proceeding*, 2017 WL 11487171, at *1 (E.D.N.Y. Feb. 1, 2017) (citing 28 U.S.C. § 1332).

13. This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as Plaintiffs and DSG are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists

14. DSG is a foreign (to New York) business corporation. (See. Compl. ¶ 4 and Answer ¶ 2). DSG is a Delaware corporation with its headquarters and principal place of business in Corapolis, Pennsylvania. DSG is thus a resident and citizen of Delaware and Pennsylvania for jurisdictional purposes *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). Plaintiffs are residents and citizens of New York and domiciled in New York. (*See*. Compl. ¶ 1-2). As such, Plaintiffs and DSG are citizens of different states, and therefore, complete diversity of citizenship for removal purposes exists.

### B. The Amount in Controversy Exceeds $75,000.00

15. DSG disputes that it is liable for any damages to Plaintiffs. Nevertheless, removal of this action is proper because the amount in controversy exceeds $75,000.

16. In New York, personal injury actions are governed by the particular pleading requirements pursuant to N.Y. C.P.L.R 3017(c), which specifically prohibits plaintiffs from including a dollar amount of damages in the pleadings. As such, Plaintiffs' Complaint makes broad allegations that Plaintiffs were "injured" and are seeking damages "exceeding the jurisdictional limits of all lower courts . . ." (*See*. Compl. ¶¶ 22, 26). Therefore, based on the allegations of the Complaint, and the monetary thresholds for the local and state courts in the New York, DSG could not have reasonably ascertained the amount in controversy when it was served with the Verified Complaint, and thus, could not determine if this case was properly removable.

17. Accordingly, on or about May 24, 2022, DSG served discovery demands on Plaintiffs to determine whether the amount in controversy exceeds the $75,000 threshold requirement.

18. On May 31, 2022, Plaintiffs served their response to DSG's Demand for Damages, demanding damages in the sum of $3,250,000. (*See* Exhibit E).

19. Accordingly, there is more than $75,000 in controversy, satisfying the requirements for diversity jurisdiction removal pursuant to 28 U.S.C. § 1332(a).

## **CONCLUSION**

20. The exhibits attached to this Notice of Removal constitute a complete and accurate copy of all documents filed with the state court at the time of this filing, other than discovery related documents, which are not to be filed unless the subject of a discovery motion. See L.Civ.R. 5.1 and 37.1.

21. Because all requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied, *i.e.*, complete diversity of citizenship exists between Plaintiff and DSG, and the amount in controversy exceeds the statutory minimum, DSG respectfully removes the State Court Action from the Supreme Court of New York, Nassau County to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: June 17, 2022

Respectfully Submitted,

*/s/ Jeffrey M. Malsch*
Jeffrey M. Malsch (JM3694)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile:  (914) 285-1213
E-Mail:  jmalsch@renzullilaw.com

*Attorneys for Dick's Sporting Goods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification to all counsel of record. All counsel of record in the state court action not currently registered with Court's CM/ECF system has been served concurrently with the filing of the foregoing.

/s/ *Jeffrey Malsch*
Jeffrey Malsch
jmalsch@renzullilaw.com